[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11496
Non-Argument Calendar

_____

Agency No. A070-089-825

PRUDENCIO RUILEMO CAMPOSECO GUILLEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 17, 2009)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Prudencio Ruilemo Camposeco Guillen, a native and citizen of Guatemala, through counsel, seeks review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") order finding him removable and denying his application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"), INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c).

In his petition, Camposeco Guillen argues that the IJ erred in denying him asylum relief and withholding of removal because he experienced past persecution and established a well-founded fear of future persecution. He further argues that the IJ erred in denying him CAT relief because it is more likely than not that he will be tortured if he returns to Guatemala.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA agreed with the IJ's findings as to Camposeco Guillen's eligibility for asylum, withholding of removal, and relief under CAT, and made additional observations, we will review both decisions.

2

The IJ's and BIA's factual determinations are reviewed under the substantial evidence test, and we should "affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. United States Attorney Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation marks omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." *Mazariegos v. United States Attorney Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001) (citing *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444–45 (11th Cir. 1997)). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. United States Attorney Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding-of-removal claim). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

## A. Asylum

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of the DHS has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is defined in the INA as

3

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  The asylum applicant carries the burden of proving statutory "refugee" status.  *Al Najjar*, 257 F.3d at 1284.  To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution.  8 C.F.R. § 208.13(a), (b); *see Al Najjar*, 257 F.3d at 1287.  "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of [a statutory factor]."  *Al Najjar*, 257 F.3d at 1287 (internal quotation marks omitted).  A refusal to take sides or fight with a political faction does not constitute an "affirmative expression of a political opinion" for purposes of establishing that a petitioner has been persecuted or has a well-founded fear of persecution because of a political opinion.  *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992).

If the alien establishes past persecution, it is presumed that her life or freedom would be threatened upon a return to that country unless the government

4

shows by a preponderance of the evidence that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal or that the alien could relocate within the country and it would be reasonable to expect him to do so. 8 C.F.R. § 208.13(b)(1). An alien who has not shown past persecution may still be entitled to asylum or withholding of removal if he can demonstrate a future threat in his country to his life or freedom based on a protected ground. 8 C.F.R. § 208.13(b)(2). To establish a well-founded fear, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289.

We recognize that "'persecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and that '[m]ere harassment does not amount to persecution.'" *Sepulveda v. United States Attorney Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (quoting *Gonzalez v. Reno*, 212 F.3d 1338, 1355 (11th Cir. 2000)). In *Sepulveda*, we held that menacing telephone calls and threats to the alien, her family members, and colleagues did not rise to the level of past persecution. *Id.* "In assessing past persecution we are required to consider the *cumulative* impact of the mistreatment the petitioners suffered." *Mejia v. United States Attorney Gen.*, 498 F.3d 1253, 1258 (11th Cir. 2007) (emphasis added).

5

We conclude from the record that substantial evidence supports the IJ's and BIA's findings that Camposeco Guillen did not suffer past persecution because he was never physically harmed, and the verbal threats he received did not constitute persecution. Further, the BIA's conclusion that Camposeco Guillen failed to establish a nexus between the feared harm and a protected ground is supported by substantial evidence. The guerrillas threatened him because he would not join their cause, not because of a protected political opinion. *See Elias-Zacarias*, 502 U.S. at 483, 112 S.Ct. at 816. Further, Camposeco Guillen was not the target of any alleged persecution that was directed at his father because of his father's religious activity.

As Camposeco Guillen has not established past persecution, he is not entitled to a presumption of a well-founded fear of future persecution. In addition, the record shows that even if Camposeco Guillen's testimony was true, after the regime change, his parents and seven siblings have remained in Guatemala unharmed.

### B. Withholding of Removal

To qualify for withholding of removal under the INA, an alien must show that his or her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). Because the standard for establishing

6

eligibility for asylum is less stringent than the standard for withholding of removal, an alien's withholding of removal claim must fail if his asylum claim fails on the merits. *See Zheng v. United States Attorney Gen.*, 451 F.3d 1287, 1292 (11th Cir. 2006).

We conclude from the record that Camposeco Guillen failed to carry his burden of establishing past persecution or a well-founded fear of future persecution, which precludes him from being granted asylum. The BIA and IJ properly found that he likewise could not satisfy the greater "more-likely-than-not" burden applicable to requests for withholding of removal.

### C. CAT Relief

To be entitled to relief under the CAT, an applicant must establish that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "Torture" is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). The burden of proof for an applicant seeking relief under the CAT, like that for an applicant seeking withholding of removal under the INA, "is higher than the burden imposed on an asylum applicant." *Al Najjar*, 257 F.3d at 1303.

We conclude from the record that substantial evidence supports the IJ's and BIA's finding that Camposeco Guillen is not entitled to relief under CAT because even if all his testimony were true, he has not established that it is more likely than not that he would be tortured by or with the acquiescence of the government. Accordingly, we deny Camposeco Guillen's petition for review.

**PETITION DENIED.**